CASE 42—ACTION FOR AN INJUNCTION—OCT. 31.

# Davis, &c. v. Hambrick & Others.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL—REVERSED.

ELECTIONS—POLITICAL PARTIES—DECISION OF PARTY AUTHORITIES CONCLUSIVE.

Held:    As the courts have no power to interfere with the judgment of the highest tribunal of a political party in a matter involving party government, the decision of the State central committee of the Republican party that certain persons constituted the Republican executive committee of a particular county, and that a certain one of their number is the chairman of the committee, is final and conclusive.

BARKER & WOODS, ATTORNEYS FOR APPELLANTS.

1. From matters contained in the record, this court will at once see, that, assuming the party law to be in operation this matter has

Davis, &c. v. Hambrick and others.

become a dead issue. The appellant and appellee have both ceased to exist and there is sufficient in the record to justify the court in taking notice of that fact. Your deliberations will constitute only a *post mortem.*

2. This court has no jurisdiction of the controversy in this case. We contend, however, that if the court, having assumed jurisdiction by reason of the supposed property rights involved, undertakes now to determine who is the rightful chairman, and which is the rightful committee, it must be guided by the decisions of the governing authority of the Republican party.

3. The highest evidence of what took place at a political convention, is the history of the proceedings which are written out by the secretary, and certified by the chairman who presided.

4. If it were competent for courts to inquire into the reason for the findings of political parties when performing their proper and legitimate functions, then submission to party law would be a mockery. Cain v. Page, 19 Ky. Law Rep., 977; *In re*, Fairchild 45 N. E. Rep., 943.

Additional brief on motion of appellee to dismiss this appeal:

1. This is not a suit to recover money. It is a suit for an injunction. An appeal certainly lies from final orders or judgments, in all injunction cases. The payment of the money on hand to the one side or the other, is a mere incident following the decision on the real question—which is the true committee? Pendergast v. Heekin, 94 Ky., 384; Elizabethtown, &c. R. R. Co. v. Ashland, &c. R. R. Co., 94 Ky., 478; *ex parte* Herrick, 78 Ky., 22; *ex parte* Jones, 13 R., 138.

JOHN MASON BROWN for appellees.

No brief on file except petition for rehearing, which makes the following points:

1. The decision rendered is in line with the case of Cain v. Page and Moody v. Trimble, but this action goes further. It involves the *title and ownership of the funds, archives and personalty,* which belonged to the original county executive committee. This is the paramount issue.

2. Courts of equity have power and authority to take cognizance of, and to enforce or protect the rights of voluntary and unincorporated associations when their appeals to the supreme tribunals of their party organizations have been exhausted.

3. The lower court had jurisdiction of this case only on account of the property rights involved. The amount involved was about $58.00, and over this sum this court has no revisory jurisdiction.

Davis, &c. v. Hambrick and others.

### AUTHORITIES CITED.

Cain v. Page, 19 Ky. Law Rep., 977; Moody v. Trimble; Ostrum
v. Green, 45 N. Y. Sup., 85; Compton v. Jessup, 68 Fed. Rep.,
263; Johnson v. Christian, 125 U. S., 642 (and cases cited);
Landrum v. Farmer, 7 Bush, Ky., 47; 26 Am. State Rep., p.
525; 73 N. Y., 95; 113 N. Y., 207; 23 Fla., 173; 11 Am. State
Rep., 351, and notes; 80 Main, 169; 6 Am. State Rep., 169, and
note; 12 Penn. St. Rep., 56; 91 Ala., 375; 51 Am. Decisions, 584,
and note; 126 N. Y., 193; 79 Iowa, 722; Supreme Lodge, &c. v.
Raymond, 47 Pacific Rep., 533; Reno Lodge, &c. v. Grand Lodge,
54 Kan., 73; White v. Brownell, 2 Daly N. Y., 329; B. & O. R.
R. v. Stankard, 46 N. E. Rep., 577; Supreme Lodge v. Forsinger,
22 N. E. Rep., 129; Bacon on Benevolent Societies, sec. 450;
Austin v. Saring, 69 Am. Decisions, 665; Poultney v. Bachman,
31 Hun. N. Y., 49; Lafong v. Boems, 81 N. Y., 507, and cases
cited; Houston v. Reutlinger, 12 Ky. Law Rep., 925; Wellinvoss
v. Grand Lodge, 20 Ky. Law Rep., 113; Clark v. Wallace, 20 Ky.
Law Rep., 154; Spelling on Extraordinary Relief, vol. 1, sec.
755, p. 603; Randolph v. Beneficial League, 7 N. Y., 135; Am. &
Eng. Ency. of Law, vol. 22, p. 812, and notes; Hirschel on Fra-
ternities and Societies, 47; Pennfield v. Skinner, 11 Vermont,
296; 144 Mass., 175; 129 Mass., 70; 116 Pa. Stat., 391; 102 Ind.,
262; 75 Cal., 313; Civil Code, sec. 25; Black Rabbit Ass'n v. Mun-
day, 21 Abbot N. Y., new cases, 99; McGlynn v. Post, same
volume.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This litigation is the result of dissension within the ranks
of the Republican county and city executive committee
of the city of Louisville, and the county of Jefferson.
Plaintiffs instituted this action, under section 25 of the
Code, on their own behalf, and for the benefit of all the
members of said committee, whom they allege are so
numerous as to render it impracticable to bring them be-
fore the court within a reasonable time. The defendants,
Davis and others, are sued, under the same section of the
Code, individually and as representing all of their com-
mittee, who are also alleged to be so numerous as to make
it impracticable to bring them all before the court as de-
fendants. Plaintiffs allege, in substance, that they are

the regularly constituted Republican committee for the
city of Louisville and Jefferson county; that J. H. Ham-
brick is the duly elected, qualified and acting chairman
thereof; and that as such they are entitled to the records,
archives, and certain money belonging to them in their
representative capacity, which the defendants are wrong-
fully withholding from them,—and pray for an order re-
straining the defendants, individually and as representing
the other defendants, from using the money belonging to
the city and county executive committee, and from in any
way exercising the powers, duties, or functions of such
committee, or from disposing of any money or property
belonging to the committee, and ask that they be adjudged
the owners and entitled to the possession of all such ar-
chives, records, money, etc. The defendants deny in their
answer that the plaintiff Hambrick is or ever was the
duly elected or otherwise elected or acting chairman of
the Republican county and city executive committee, or
that Charles Blandford is or ever was the duly elected,
qualified, or acting treasurer of said organization, or that
either of them has any right to the custody of any records
or property of the organization, or that they have any
right, in any capacity whatever, to institute this action.
They say that the defendant, Davis, is, and claims to be, the
duly elected, qualified and acting chairman of the com-
mittee, and that S. B. Richardson is the treasurer and Lewis
Newman the secretary thereof, and deny any right or title
in the plaintiffs to discharge the duties imposed by the
rules of the Republican organization upon the chairman,
secretary and treasurer thereof; and they deny that they
have wrongfully taken possession of the records, archives,
or other property of the Republican county and city exec-
utive committee of Jefferson county and the city of Louis-

ville, or that it is not the proper committee, of which they are the officers. They deny that Davis and his committee have retained wrongfully any funds belonging to the committee, and substantially deny all of the affirmative averments of the petition, and they allege affirmatively that under the rules for the government of the Republican party, as adopted by its State conventions, the affairs of said party are under the control and management of the committee known as the "Republican State Central Committee of Kentucky," and that subordinate to that committee the local committee was organized; that the regular election of members of said committee was held in June, 1896, for a term of four years, and that the members then chosen afterwards met, pursuant to the rules and constitution of the party, on the 30th day of June, 1896, and by acclamation elected the defendant, A. E. Davis, chairman of said committee, and on the same day elected Newman secretary thereof, for terms of four years; that neither of these officers had resigned or been removed, and that no member of the committee denied these facts until the 26th day of July, 1898; and that Hambrick is claiming the right to exercise the duties as chairman of the committee by the votes of less than one-third of the members of the committee. They further allege that the State Central Committee is, by section 3 of the rules for the government of the Republican party, invested with full control of the management of the Republican party; that this committee is charged with the duty of organizing subordinate county and city committees as auxiliaries to the State Central Committee, and that these subordinate committees are subject to the control of the State Central Committee; that, in the exercise of the powers conferred by the party law, a meeting of the State Central Committee was

held in Louisville, Ky., on September 26th, to hear and de-termine the question as to which was the Republican county and city executive committee of said county and city, and that both Hambrick and Davis appeared before the committee in behalf of their respective bodies; and that after such hearing the State Central Committee unani-mously adopted the following preamble and resolutions: "Whereas, it has been brought to the attention of this committee in various ways that there are dissensions in the Republican county executive committee of Jefferson county, and among the members composing the same, which dissensions have resulted in two bodies claiming to be such committee, one with Alf. W. Davis as chairman, who has been recognized by R. L. Gwathmey, chairman of the Republican congressional committee for the Fifth Dis-trict, as chairman of the Republican county executive com-mittee of said county, and from whose decision in such matters there has been no appeal taken to this body by any one, and the other with J. H. Hambrick as chairman; and, whereas such dissensions and rival claims threaten to injure the interest of the Republican party in the county, if not definitely and authoritatively settled and deter-mined by the committee, which, under the constitution and rules of the Republican party, has full jurisdiction and authority in the premises; and, whereas, both said Davis and Hambrick, on behalf of their respective follow-ers and bodies, have been duly cited to appear before this committee at its meeting held this September 6, 1898, and then and there to present their claims, which they have done, and this committee having heard all the evidence presented, including the records of the committee, which show that 118 members have recognized the committee of which Mr. Davis is the chairman, and that J. H. Ham-

brick and his counsel have admitted that not exceeding
fifty-six members at the utmost, have ever attended his
committee, and having carefully considered the evidence
and all the facts, and reached a judgment and conclusion
upon the same; Therefore, resolved, that it is the unani
mous judgment and determination of the Republican State
Central Committee that the Republican county executive
committee is that body which has long been in existence,
and of which Alf. W. Davis is now, and has since June,
1896, been, the chairman, and that of which Lewis Newman
is secretary; it being also the judgment and determination
of said State Central Committee that said Davis has never
been lawfully or otherwise removed from chairmanship
of said committee. Resolved, further, that the body of
which J. H. Hambrick claims to be chairman is not the
Republican county executive committee of Jefferson coun-
ty, and that its claims to be such are wholly unfounded
and invalid. Resolved, further, that this committee is of
the opinion that good order and party discipline require
from the good Republicans who compose the so-called
Hambrick committee that they should disband said body,
and in that way decline to give aid or comfort to our po-
litical opponents. Resolved, further, that copies of these
regulations be furnished to the said Alf. W. Davis, the
said J. H. Hambrick, and the board of election commis-
sioners of Jefferson county, the clerk of the Jefferson
County Circuit Court, and to the newspapers." The de-
fendants contend that this is the final decision of the mat-
ter in dispute, by the only body which had or has juris-
diction to settle it, and that the judicial tribunals of this
State have no power to interfere with the judgment of the
highest party tribunal in a matter involving party govern-
ment.

The decisions of this court in the case of Cain v. Page, 42 S. W., 336, and in Moody v. Trimble, 58 S. W., 504, make it unnecessary for us to consider the disputed questions of fact which grew out of the alleged removal of A. W. Davis as chairman of the county and city executive committee of Jefferson county and the city of Louisville. The testimony on all these points is conflicting, but these facts stand out in bold relief: Less than one-third of the committee have ever supported the right and claim of Hambrick to the chairmanship, while more than two-thirds have steadily ignored and repudiated his pretensions, and recognized Davis as the duly-elected chairman of the committee; and the State Central Committee, the governing power in the management of the affairs of the Republican party of this State, after full and careful consideration of the merits of the controversy, have declared Davis and those represented by him to be the true and legal committee. The legislature has not provided any means for determining controversies of this character, and it may be seriously doubted whether it has the power to confer such authority upon the courts. Political parties are voluntary associations for political purposes. They are governed by their own usages, and establish their own rules. Members of such parties may form them, reorganize them, and dissolve them at their will. The voters constituting such party are, indeed, the only body who can finally determine between contending factions or contending organizations. The question is one essentially political, and not judicial, in its character. It would be alike dangerous to the freedom and liberty of the voters, and to the dignity and respect which should be entertained for judicial tribunals, for the courts to undertake in any case to investigate either the government, usages, rules, or doctrines

of a political party, or to determine between conflicting claimants' rights growing out of its government. See Phelps v. Piper (Neb.) 67 N. W., 755, (33 L. R. A., 55). The action of the State Central Committee must be treated as the final determination of all the rights of the parties growing out of this litigation, and the courts have no power to question the regularity of their proceedings or the justice of their conclusions. We are therefore of the opinion that the committee of which A. W. Davis claims to be the chairman was the legally constituted Republican county and city executive committee of Jefferson county and the city of Louisville, and as such is entitled to the possession of all the funds, archives, and records which belong to the committee in its representative capacity. For the reason indicated, the judgment of the Jefferson Circuit Court, appealed from, is reversed, and the cause remanded, with instructions to dismiss plaintiff's petition, and for proceedings consistent with this opinion.

Petition for rehearing filed by appellee overruled.