MICHAEL COMO *vs.* ERNEST L. SPRAGUE, Secretary of State.

OCTOBER 27, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J. Petition for a writ of mandamus directing the respondent, Secretary of State, to accept the certificate of nomination of petitioner for the office of representative in the General Assembly and to cause his name to be placed on the official ballot for election.

There is not much dispute as to the facts. October 9, 1924, a caucus of the Democratic party was held in the third assembly district of Cranston, conformably to a call for

such caucus properly issued by the executive committee of the Democratic State central committee. In the call, in accordance with the rules of the party, William Evans was appointed by the executive committee to preside at the caucus and Emile Mormile to act as secretary. The caucus was held and continued from 8:15 to 11 p. m., when the balloting was concluded. The only candidates for the nomination were the petitioner and Joseph B. Connolly. The ballots were counted by tellers representing the two candidates. Michael Como received 96 votes and Joseph B. Connolly 38 votes. The result was reported by the tellers to the presiding officer Evans, who, without any attempt to announce the result, entertained a motion to adjourn, which was then, as Evans testified, passed by the assembly. Evans then took the ballots and walked out of the hall in company with a number of the electors. Thereupon one Patrick O'Leary without any formal vote but with the consent of those remaining in the hall assumed the position of presiding officer, and one John D'Amico acted as clerk of the meeting. O'Leary then announced the result of the balloting, declared Como to be the nominee of the caucus, and the meeting without any formal adjournment came to an end.

The petitioner claims that by his refusal to announce the result, Evans vacated his office and that the caucus then had the right to elect a presiding officer and continue its proceedings.

On the 14th of October, Evans as presiding officer and Mormile as secretary of said caucus filed in the office of the Secretary of State a certificate of nomination to the effect that Joseph B. Connolly was the nominee of the caucus. On the 15th of October petitioner presented to the Secretary of State a certificate of the nomination of Michael Como by said caucus, which was signed by O'Leary as presiding officer and by D'Amico as clerk of said caucus. The Secretary of State refused to receive this certificate and petitioner by this proceeding now seeks to compel him to receive it.

Thereafter and prior to the hearing on this petition the executive committee of the Democratic State central committee passed a resolution to the effect that the committee, having examined into the circumstances attending the caucus, disapproved the nomination of Como and recognized Connolly as the nominee of said caucus and approved the action of the officers of the caucus in filing with the Secretary of State the nomination of Connolly as the nominee of said caucus.

As the city of Cranston is not subject to the act for the regulation of caucuses (Gen. Laws, Ch. 12), the claim of petitioner to have his certificate received and filed is to be determined by the general provisions of the statutes.

The caucus was empowered to make one nomination for the General Assembly and to have such nomination placed on the official ballot by following the procedure prescribed by statute. 1. By causing a certificate of nomination to be duly filed. 2. This certificate must be signed and sworn to by the presiding officer and by the secretary or clerk of the caucus. 3. The certificate must be filed with the Secretary of State at least twenty days before the election (Gen. Laws, Ch. 11, Secs. 4, 16 and 17). Each of these requirements is mandatory. The method of conducting this caucus was not regulated by statute. The caucus is not a creation of law but is a means voluntarily adopted by political parties to decide on the candidates for office to be supported for election by such parties. In the absence of statutory regulation the procedure of a party caucus is governed by the rules of parliamentary procedure and of the party organization.

The evidence shows that Como was entitled to the caucus nomination as the result of the balloting. It was the duty of Evans, the presiding officer, to make out the certificate of Como's nomination and cause the same to be filed. The failure of Evans to announce the result of the balloting to the caucus, although it was a failure on his part to fully perform his duty, was not of such a serious nature as to in-

validate the proceedings or to require further action by the caucus. At the time of the adjournment the business of the caucus was completed, there was nothing more for the caucus to do, and there was no occasion then for the caucus to elect new officers to continue the proceedings. Evans was and continued to be the presiding officer of the caucus and he was the only person authorized by the statute to make the certificate. He should have filed a certificate of the nomination of Como. The Connolly certificate when it was filed was a false certificate and the presiding officer in causing it to be filed was guilty of a misdemeanor. (Ch. 11, Sec. 49.) The effect, if any, of the resolution of the State executive committee on the validity of the Connolly certificate is not relevant to the decision of this petition for mandamus and now requires no consideration.

The petition presents but one question in this proceeding, viz.: Shall the Secretary of State be directed to receive the certificate of nomination presented by petitioner?

The certificate presented by the petitioner to the Secretary of State was not signed by the presiding officer and the secretary of the caucus. In accordance with the explicit provisions of the statute, the Secretary of State was not empowered to receive such a certificate and cause to be printed the name of Como upon the official ballot. In these circumstances it would be improper for this court by writ of mandamus to compel him to do so. Therefore the petition must be denied.

*George A. Breaden,* for petitioner.

*Green, Curran & Hart,* for various respondents.

*Herbert L. Carpenter, Attorney General,* for Secretary of State.