## Vallandingham et al. v. Finnell et al.

(Decided April 20, 1934.)

FOWLER, WALLACE & FOWLER and PAUL L. BROWN for appellants.

J. R. BUSH and GEORGE H. MITCHELL for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This action involves a contest between the appellant, plaintiff below, J. L. Vallandingham, and the appellee, defendant below, Harry B. Miller, over the office of chairman of the Democratic county committee of Fayette county.

There are two legislative districts in Fayette county. One comprises the territory within a circle two miles in diameter with the courthouse as the center, and is known as the city legislative district; the other comprises all the territory in Fayette county outside of the city legislative district. The Democratic Party in Fayette county is organized along the lines of legislative districts. Certain party officers are provided for and elected in the city district, and corresponding officers are provided for and elected in the county district. The city officers elect a city chairman and the county officers elect a county chairman, and these two chairmen elect a joint chairman who is chairman of the entire county and city organizations. This Democratic organization is of course a purely voluntary one.

In 1932 there was held an election in the county legislative district for the office of county chairman. Mr. Miller and Mr. Vallandingham were both candidates for that office. Mr. George R. Hunt was the city chairman and Mr. Charles Finnell was the joint chairman. A controversy arose between Mr. Miller and Mr. Vallandingham as to who was the duly elected county chairman. Instead of pursuing the remedies provided for by the party law governing controversies of this character, Vallandingham filed this suit to enjoin Miller from acting as county chairman and to enjoin Hunt and Finnell from recognizing Miller as county chairman and to enjoin all of them from proceeding to the election of a new joint chairman. Motion was made in the lower court for a temporary injunction, which was refused, and thereupon application was made to the Honorable Gus Thomas of this court to grant the temporary injunction refused by the lower court. This Judge Thomas declined to do in an order

handed down on March 25, 1933. Thereafter a final judgment was entered in this action dismissing the same on the ground that the Fayette circuit court had no jurisdiction of a controversy of this character, and thereupon this appeal was prosecuted on essentially the same record as was before Judge Thomas in the application for the temporary injunction.

The judgment of the Fayette circuit court dismissing this action for want of jurisdiction is fully sustained by the opinions of this court in Davis v. Hambrick, 109 Ky. 276, 58 S. W. 779, 780, 22 Ky. Law Rep. 815, 51 L. R. A. 671, Moody v. Trimble, 109 Ky. 139, 58 S. W. 504, 22 Ky. Law Rep. 692, 50 L. R. A. 810, and Cain v. Page, 42 S. W. 336, 19 Ky. Law Rep. 977. As said in the Davis Case:

> "The legislature has not provided any means for determining controversies of this character, and it may be seriously doubted whether it has the power to confer such authority upon the courts. Political parties are voluntary associations for political purposes. They are governed by their own usages, and establish their own rules. Members of such parties may form them, reorganize them, and dissolve them at their will. The voters constituting such party are, indeed, the only body who can finally determine between contending factions or contending organizations. The question is one essentially political, and not judicial, in its character. It would be alike dangerous to the freedom and liberty of the voters, and to the dignity and respect which should be entertained for judicial tribunals, for the courts to undertake in any case to investigate either the government, usages, rules, or doctrines of a political party, or to determine between conflicting claimants' rights growing out of its government."

The appellant has ample remedy within his own party to have determined the controversy existing between him and Mr. Miller. The cases relied upon by appellant in no wise conflict with these conclusions. That of Poyntz v. Shackelford, 107 Ky. 546, 54 S. W. 855, 21 Ky. Law Rep. 1323, involved the protection of a public officer in the discharge of his duties as such, and was not a case involving simply an office of a purely voluntary organization such as we have here. The case of Neal v.

Young, 75 S. W. 1082, 1083, 25 Ky. Law Rep. 183, involved only the right of candidates in a primary which had been duly called to enjoin the revocation of that call after such candidates had incurred large expense in the preparation of the ballots and appointment of election officers. As pointed out in the opinion, under the law as it then stood, the governing authorities of the Democratic Party had the option of calling a primary election or not as they saw fit, but, when once they called a primary, they subjected themselves to the operation of the then State Primary Election Law. The case therefore involved a judicial, as distinguished from political, question. That very case said:

> "If it [the litigation in question] were a controversy between the old committee and the members claiming to be, under the appointment of the chairman, as to which was the regular committee, and no other rights were dependent upon the controversy, then it would be a purely political question, to settle which the courts would not take jurisdiction."

In the case of Meagher v. Howell, 171 Ky. 242, 188 S. W. 373, there was involved the question of the interpretation of the State Primary Act. Such was obviously a judicial question, as distinguished from a political one.

It follows from what we have said that the lower court did not err in dismissing appellant's petition for lack of jurisdiction, and its judgment in so doing is affirmed.