REPUBLICAN TOWN COMMITTEE OF THE TOWN OF NARRA-GANSETT, HORATIO B. ROSE *et al. vs.* JOHN F. KNOWLES.

APRIL 16, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This is an appeal from a decision of the superior court granting a petition for a writ of mandamus to compel the town clerk of Narragansett to exclude the names of forty-seven voters of that town from the list of voters eligible to participate in the Republican party caucus to be held on April 8 in that town.

The Republican town committee, by resolution passed at a meeting, adopted four regulations for determining the qualifications of voters entitled to vote at such caucus; and immediately then adopted a resolution by which they applied them and declared that, in accordance with such regulations, the above-mentioned forty-seven voters were not members of the Republican party entitled to vote at such caucus. The committee then presented a certified copy of these resolutions to the town clerk, whose duty it was under the statute to prepare the list of voters qualified to vote at such caucus, and demanded that he exclude from the list the names of those voters whom the committee, by its resolution, had declared to be disqualified. Apparently, no evidence in any form was submitted to him that any of these voters were *in fact* disqualified by reason of a violation of any of the adopted regulations. Moreover, the resolution clearly failed to show that any such evidence was submitted in any form to the town committee before such regulations were applied and the disqualification of these voters, by reason thereof, was declared.

The town clerk refused to exclude from the voting list the names of these voters; and the committee thereupon filed a petition in the superior court for a writ of mandamus to compel him to do so. The matter came on for hearing in that court on the morning of April 8 and the caucus was scheduled to take place at 7:30 o'clock in the evening of that day. The request of these forty-seven voters for permission to intervene was denied, but their counsel was heard as *amicus*

*curiae.* No evidence was submitted at the hearing in the superior court, the petitioners resting upon their petition which was sworn to only by the chairman and secretary as being "true to the best of their information, knowledge and belief."

Thereupon the court granted the petition on the sole ground that, under public laws 1930, chap. 1515, sec. 5, it was within the powers of the town committee not only to adopt such regulations, but also to apply them, as they did here, by determining that such voters should be excluded, by reason of these regulations, from the list of voters qualified for the caucus.

The town committee had purported to act in accordance with the provisions of the above section and chapter, and the petitioners have contended for the construction thereof which was adopted by the trial justice. The respondent admitted that the language in the above chapter gave to the town committee the power *to make* regulations, *not inconsistent with law,* for determining the party membership for the purpose of participating in caucuses of their party in the town, and for restraining those who are not entitled to vote at such caucuses from taking part therein. However, it was contended for the respondent that the town committee had no power *to apply* those regulations to the otherwise qualified voters of the town and to determine whether any voter was *in fact* disqualified from voting at such caucus because of violations of its regulations. Such latter power, according to the contention for the respondent, is given by the statute to the town clerk only, whose duty it is, in the exercise of that power, to comply with proper regulations adopted by the town committee, which regulations then govern him in preparing the list.

In the superior court, as above stated, the matter was decided solely on the construction of the statute opposite to the respondent's above contention. The appeal did not come before us until the afternoon of Friday, April 8. Time being of the essence, counsel for both parties were unable to make

diligent research or to assist the court with briefs. We thus were deprived of such assistance which is given by counsel in an ordinary hearing, and we were limited further, as was the trial court, by the short time available for consideration of the question.

After considering the arguments made before us and the language of the statute, we have very serious doubts whether a proper construction of public laws 1930, chap. 1515, sec. 5, vests in the town committee the extreme powers for which the petitioners contended. Further doubt is suggested by the conceivable question whether the town committee must not show affirmatively that its regulations were approved by, or were not inconsistent with proper rules of, the party state committee to which the town committee may be subject. For the purpose of this opinion, these doubts may be resolved in favor of the petitioners.

Assuming then without in any way so deciding that the statute clothes the town committee with power not only to adopt proper regulations but also to apply them to the individual voters, we are unable to see how such power could be properly exercised, in accordance with law, unless some evidence of the alleged violations was presented to and was considered by that body, *before* it could declare that the privilege granted to a voter by the legislature was to be taken away from him.

In the instant case it does not appear in the petition or in the resolutions that any evidence in any form, tending to establish the violation by any of these voters of these regulations, was presented to the committee *before* it purported to render its decision, and to declare the above-mentioned voters disqualified from participating in that caucus.

Apparently no notice of the charges or hearing was given and no hearing was held, so far as the transcript discloses; and the resolution blankets the forty-seven names of the above-mentioned voters in one group under a general declaration of disqualification, without stating any specific ground

by which any of them could know with what violation he was charged and by reason of which he was declared ineligible. Upon such a record, the town committee if it had such power did not properly exercise it in accordance with law.

Nor was any such evidence later presented to the town clerk when he was called upon to strike the names of these voters from the caucus list which he was preparing. Thus, whether the right to exercise these powers was granted by the above section of the statute either to the town committee or to the town clerk, it is clear that the proper exercise of such power under the law requires at least the presentation of some evidence of the alleged violation before a voter, who is otherwise qualified to participate in a caucus, may be deprived, by reason of such violation, of the privilege of voting in that caucus.

Under all the circumstances, we are constrained to hold that the trial court was in error in granting the petitioners' prayer for relief. The respondent's appeal is sustained, and the judgment of the superior court is reversed, as previously set forth in the memorandum opinion filed in this cause on April 8.

The cause is remanded to the superior court.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews, S. Everett Wilkins, Jr.,* for appellant.

*Dennis J. Roberts, Theodore Jaffe,* for appellee.