WINN *v.* WOOTEN.

4-5249

Opinion delivered July 11, 1938.

738

*Oscar H. Winn,* for appellant.

*W. G. Riddick* and *P. A. Lasley,* for appellee.

PER CURIAM. The appellant filed his complaint in the Pulaski circuit court against the appellees alleging that he is a duly qualified elector, a member of the democratic party, a candidate for the nomination of Congressman, Fifth District, Arkansas, in the democratic primary, August 9, 1938. Appellant alleged all the facts necessary to show that he is qualified as a candidate for the democratic nomination for congress. It is alleged that D. D. Terry is not entitled to have his name on the ticket for the democratic nomination because Terry did not support the democratic nominee for United States Senator in the election of October 18, 1937, but voted and used his influence against the regular democratic nominee; and appellant prayed that a mandamus be issued commanding the appellees to strike the name of D. D. Terry as a democratic candidate for congress and that they be required to execute and enforce the rules of the party. There was attached to and filed with the complaint a statement which had been presented to and filed with the appellees, together with printed copy of the rules of the democratic party in Arkansas.

Appellees filed demurrer to the complaint in which it is stated: (1) That the allegations of the complaint do not state facts sufficient to constitute a cause of action; (2) That the facts set forth in the complaint are matters and things over which the political organization known as the Democratic State Committee of Arkansas has exclusive jurisdiction, and any action taken thereunder by such political organization is not subject to review or control by a court of law.

The court sustained the demurrer and dismissed appellant's complaint. An appeal to this court was granted. The question here is: Did the court err in dismissing the appellant's complaint?

In the absence of statute the courts would have no power to interfere in any way with political organizations, nor with party matters, and if a nomination is legally made the party organization, and not the courts, would have exclusive jurisdiction in the matter. *Tuck* v. *Cotton,* 175 Ark. 409, 299 S. W. 613.

The nomination which appellant claims was regularly made by the democratic party, and, therefore, binding on all democrats, was made by the State Central Committee, and while the democratic organization has a right to construe its rules and enforce them without interference from the court, yet, where a rule of any party is in conflict with any statute, such rule is void.

Section 4705, Pope's Digest, provides for the nomination and certification thereof of candidates. This section provides that nominations of candidates shall be certified in the following manner: By the chairman and secretary of any convention of delegates, or of the canvassing board of any primary election held by any authorized political party in the state or subdivision thereof in which such convention or primary election is held; and also by electors of state, district, county, township, ward of a city or incorporated town, for which the nomination is made. The section then provides for nominations by petition, and provides the number of signatures, etc.

Section 4706 provides for the nomination fee, and § 4707 provides where the certificate shall be filed.

Section 4712 provides that the Secretary of State shall not certify the name of any candidate whose certificate of nomination shall have been filed in his office who shall have notified him in writing, acknowledged before an officer authorized by law to take acknowledgments, that he will not accept the nomination specified in the certificate of nomination, and it is then provided that the Election Commissioners shall not include in the

posting to be made by them the name of any candidate whose certificate of nomination shall have been filed with them who shall have notified them in like manner that he will not accept the nomination.

Section 4708 provides for the filing of the certificates and specifies the time in which they shall be filed, but in said section it was provided that in case of any vacancy occurring in any nomination by declination, withdrawal, death or otherwise, the Central Committee or a convention or primary election called for that purpose of the party on whose ticket such vacancy may be, may select and certify the name of candidates to fill such vacancy. This manifestly means—in fact it is so stated—that this is a vacancy in the nomination. The vacancy mentioned can only occur where nominations have been made, and then because of withdrawal, death or otherwise there is a vacancy.

Section 4705, above referred to, specifies the manner of certifying nominations, and requires that they must be made in that manner, and there is no provision for the Central Committee making a nomination except in cases mentioned in § 4708. Therefore, in the election referred to by appellant, there was no democratic nomination because the committee (since there was no vacancy) had no right to nominate. They can only make nominations and certify the same when there is a vacancy caused by death, withdrawal, or other things mentioned in the statute. Any rule of the democratic party or any other party in conflict with these statutes is of course void.

The judgment of the circuit court is affirmed.

McHaney and Donham, JJ., were not present when this matter was presented, and have not participated.