**ROSENBERG**

v.

**REPUBLICAN PARTY OF LOUISVILLE AND JEFFERSON COUNTY, et al.**

Court of Appeals of Kentucky.

July 19, 1954.

H. A. I. Rosenberg, pro se.

Thomas S. Dawson, Louisville, for appellees.

CAMMACK, Justice.

H. A. I. Rosenberg, a candidate seeking the Republican Party's nomination for United States Representative in the Third Congressional District, brought suit in the Jefferson Circuit Court to restrain the local

Republican Party organization from endorsing and actively supporting John M. Robsion in the coming August primary election.

He alleged in general terms that the appellees were engaged in a common conspiracy to use the local organization's money, influence, machinery and personnel to bring about the nomination of Mr. Robsion in the primary election. He stated that he, being a candidate for the same nomination, would suffer great and irreparable injury unless the appellees were restrained from so doing. The appellee's motion to dismiss the complaint was sustained on the ground that the court did not have jurisdiction to entertain the action. The appellant then attempted to file an amended complaint, but the court sustained the appellee's objection to that also.

The only question before us on this appeal is whether the complaint stated a claim which a court of equity will entertain.

The appellant relies upon section 6 of the Kentucky Constitution, KRS 119.020, and the Constitution and By-Laws of the Jefferson County Republican Executive Committee.

■ Section 6 of our Constitution provides that, "All elections shall be free and equal." That section has been construed by this Court as applying only to general elections. Davis v. Stahl, 287 Ky. 629, 154 S.W.2d 736; Montgomery v. Chelf, 118 Ky. 766, 82 S.W. 388. Clearly it has no application to this case.

■ KRS 119.020 provides in part:

"* * * every political party shall nominate all of its candidates for elective offices to be voted for at any regular election at a primary election held as provided in this chapter, and the governing authority of any political party shall have no power to nominate any candidate for any elective office or to provide any method of nominating candidates for any elective office other than by primary elections as provided in this chapter."

This statute sets forth the method by which a political party may nominate its candidates. Clearly the statute does not prevent a party organization from taking part in a primary election. Whether the Constitution and By-Laws of the Jefferson County Republican Executive Committee prohibit such action does not concern us. Courts do not interfere with internal party matters. Smith v. Howard, 275 Ky. 165, 120 S.W.2d 1040; Davis v. Hambrick, 109 Ky. 276, 58 S.W. 779, 51 L.R.A. 671.

The appellant has failed to allege an injury from which a court of equity will protect him by injunction.

Judgment affirmed.