**William V. LEE et al.**

**v.**

**Edward NIELSEN et al.**

**No. 79–127–Appeal.**

Supreme Court of Rhode Island.

March 10, 1981.

David J. Kehoe, Warwick, for plaintiffs.

Aram K. Berberian and Michael J. Kiselica, Warwick, for defendants.

OPINION

MURRAY, Justice.

This is the defendants' appeal from a judgment entered in the Superior Court denying the defendants' motion to charge the costs of their appeal to the plaintiffs. The defendants, whose appeal to this court in *Lee v. Nielsen*, R.I., 388 A.2d 1176 (1978) (hereinafter referred to as *Nielsen I*) was sustained, now seek to have charged to the plaintiffs the costs of the transcript and the filing fee for the appeal in *Nielsen I*.

The facts giving rise to this appeal can be briefly summarized. In June of 1976, sixty persons, including all of the plaintiffs and defendants, were elected to the Charlestown Democratic Town Committee. Thereafter, defendant Nielsen scheduled an organizational meeting pursuant to G.L.1956 (1969 Reenactment) § 17–12–9.[1] Notice of this meeting was sent to the newly elected members of the committee. The notice also advised the members that proxy[2] ballots could be picked up at Mr. Nielsen's home. On January 20, 1977, three days before the meeting, plaintiffs filed a complaint to permanently enjoin defendants from holding the meeting as scheduled and from using the proxy ballots. On that day a temporary restraining order was issued by the Superior Court, and the matter was scheduled for a hearing on the preliminary injunction on January 28, 1977. After the hearing on this later date, a trial justice of the Superior Court entered an order permanently enjoining defendants from holding the meeting as proposed and from soliciting proxy ballots.

On February 10, 1977, defendants filed their notice of appeal. In aid thereof, they ordered a portion of the transcript. The plaintiffs thereafter ordered a complete transcript for their own use. After the parties filed their briefs and after we heard oral arguments, we reversed the judgment below on the grounds that the complaint raised a nonjusticiable political question. *Lee v. Nielsen*, R.I., 388 A.2d at 1179–80. We remanded the case to the Superior Court with directions for the clerk to enter judgment for defendants. The record discloses that judgment was, in fact, entered for defendants by the clerk on September 6, 1978.

On October 17, 1978, defendants then moved for an assessment of the costs of appeal against plaintiffs. In a written decision dated March 20, 1979, a justice of the Superior Court denied defendants' motion for these costs because, *inter alia*, defendants never filed a bill of costs to be taxed as required under Rule 54(e)(1) of the Superior Court Rules of Civil Procedure.[3]

■ We do not accept the reason advanced by the trial justice in his decision to disallow defendants' claims; however, it is well-settled that we may sustain, on appeal, a correct judgment of a lower court although we do not accept that court's reasoning. *Mercier v. City of Central Falls*, R.I., 412 A.2d 927, 929 (1980); *DiRaimo v. DiRaimo*, 117 R.I. 703, 708, 370 A.2d 1284, 1287 (1977). In this case it is apparent that the trial justice was "right but for the wrong reasons."

In support of their claim for costs, defendants cite G.L. 1956 (1969 Reenactment) § 9–22–5, which provides:

"Recovery by prevailing party.—In civil actions at law, the party prevailing shall recover costs, except where otherwise specially provided, or as justice may require, in the discretion of the court."

These defendants gain no benefit from this section because they are seeking to recover costs incurred in prosecuting their appeal to this court, and the General Assembly has "otherwise specially provided" for the recovery of appellate costs with its adoption of G.L. 1956 (1969 Reenactment) § 9–22–9, as amended by P.L. 1972, ch. 169, § 8. That statute provides:

1. General Laws 1956 (1969 Reenactment) § 17–12–9, as amended by P.L. 1970, ch. 35, § 1, in pertinent part provides:
   "Organization of city, town and district committees—officers—lists of officers and members.—All city, town and district committees shall organize biennially in the month of January in every odd year * * *."

2. In *Nielsen I* we stated that "[a]lthough the notice used the word 'proxy,' the uncontradicted evidence at trial revealed that the ballots were, in actuality, absentee ballots." *Lee v. Nielsen*, R.I., 388 A.2d 1176, 1178 n.2 (1978).

3. Rule 54(e)(1) of Super.R.Civ.P. provides in pertinent part:
   "Judgment—Costs.
   \* \* \* \* \* \*
   (e) Taxation of Costs.
   (1) *With Notice.* Costs may be taxed by the court upon five (5) days' notice. A copy of the bill of costs, specifying the items in detail, and a copy of any supporting affidavits shall be served with the notice." (Emphasis in, original).

"Costs on motions, petitions and appeals.—Any court may award costs on motions, petitions, or appeals filed in actions, suits, and other *proceedings pending before it*, for or against either party, in its discretion, and upon such terms and conditions as it may prescribe by general rule *or special order*." (Emphasis added.)

It is clear that this section limits the trial court's authority to award costs only in proceedings pending before that court. We note here that an action is "pending" until it has been ultimately reduced to judgment or otherwise terminated. *Lukacko v. Mucerino*, 192 Pa.Super. 4, 6, 159 A.2d 235, 236 (1960). The test of finality of a judgment is whether it terminates the litigation between the parties on the merits. *See State v. Piedmont Funding Corp.*, R.I., 394 A.2d 694, 695 (1978).

In the mandate of our decision in *Nielsen I*, we directed the clerk of the Superior Court to enter judgment in favor of defendants. Thus, all that remained for the court below was to execute this mandate. *See Pearson v. Old Stone Savings Bank*, R.I., 383 A.2d 1029, 1030 (1978). Accordingly, the judgment was entered on September 6, 1978 and we note that no appeal was taken, nor could one have been taken by either party. We conclude that the provisions of § 9–22–9 have no application to the instant case because the provisions of that statute are limited to pending actions. The defendants' reliance upon this statute is therefore misplaced.

The defendants also cite several other statutes, none of which we find material to their claim; therefore, discussion of them is unnecessary. In light of the above, we hold that the trial justice was without authority to award the costs sought by the defendants, and his denial of their request was, in that respect, proper.

The defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court.