John J. CULLEN et al.,

v.

Dennis AUCLAIR et al.

No. 97–424–Appeal.

Supreme Court of Rhode Island.

July 3, 1998.

Paul V. Jabour, Providence, for Plaintiff.

Jonathan Oster, Lincoln, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case is before the Court on an appeal from the dismissal of a complaint for injunctive relief filed by the plaintiffs, John J. Cullen, Barbara T. Cullen, James B. Spooner, and Karen Lee Wright, against the defendants, Dennis Auclair and the Lincoln Democratic Town Committee. Following a prebriefing conference before a single justice of this Court, this case was assigned to the full Court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

The plaintiffs and defendant Auclair were members of the Lincoln Democratic Town Committee (the committee). Auclair, chairperson of the committee, scheduled a meeting of the committee for January 23, 1997, to elect officers. Although the committee's bylaws required seven days' notice to members before such a meeting, plaintiffs claimed that they received less than the requisite seven days prior notice. The meeting was held as scheduled, at which time Auclair was elected chairperson of the committee, and other officers were also elected. One plaintiff did attend the meeting and objected to the notice, after which Auclair, acting as chairperson, ruled that the notice was not defective.

Thereafter, plaintiffs issued notice for another meeting to be held on January 30, 1997, for the purpose of electing officers of the committee. At this second meeting a different set of officers was elected. Auclair, however, refused to recognize the validity of the second election. The plaintiffs allegedly then appealed the matter to Richard H. James (James), the chairman of the Democratic State Committee. James, after consulting with the state committee parliamentarian and members of the state executive committee, determined that Auclair's notice of the first meeting satisfied the seven-day requirement of the town committee bylaws. James also concluded that Auclair, as acting chairperson, had acted within his authority in

ruling that the notice of the first meeting had been sufficient. Finally, James ruled that the second meeting and election had been improperly held under the bylaws because the first meeting had already validly elected that year's officers.

The plaintiffs filed a complaint in the Superior Court against Auclair and the committee. The complaint sought to enjoin them from conducting further business, and it requested the court either to require a new election of officers or to declare that the officers elected at the second meeting had been validly elected. The defendants moved to dismiss the complaint for failure to serve the committee and for failure to join the State Democratic Committee as an indispensable party. Following a hearing, the trial justice granted defendants' motion.[1]

■ Our decision in the case *Lee v. Nielsen*, 120 R.I. 579, 388 A.2d 1176 (1978), is controlling here. There members-elect of the Charlestown Democratic Town Committee filed suit against the committee chairman, seeking to enjoin him from using absentee ballots and from holding an organizational meeting in his home. These practices, the plaintiffs asserted, violated the rules of the town and the state democratic committees. Following a trial, the Superior Court permanently enjoined the defendants from engaging in these practices. On appeal this Court reversed, holding that the plaintiffs' complaint presented a nonjusticiable political dispute. Our analysis in *Lee* is equally applicable to the case at bar.

"As a general rule, the judiciary ought not to interfere with the internal affairs of our political parties. *O'Brien v. Brown*, 409 U.S. 1, 92 S.Ct. 2718, 34 L.Ed.2d 1, *vacated as moot* 409 U.S. 816, 93 S.Ct. 67, 34 L.Ed.2d 72 (1972) * * *. To some extent, the autonomy which political parties and other private groups are accorded is constitutionally required by the First Amendment to the United States Constitution. *Fahey v. Darigan*, 405 F.Supp. 1386, 1398 (D.R.I.1975); *see generally Developments in the Law— Judicial Control of Actions of Private Associations*, 76 Harv.L.Rev. 983 (1963). A more common explanation for judicial restraint in entering the 'political thicket' is the belief that a large public interest is served in allowing the political processes to function free from judicial supervision. *O'Brien v. Brown*, 409 U.S. at 5, 92 S.Ct. at 2720, 34 L.Ed.2d at 6; Kester, *Constitutional Restrictions on Political Parties*, 60 Va.L.Rev. 735, 774– 75 (1974). Therefore, political parties are generally recognized to have certain 'inherent powers of self-government' and to be vested with wide discretion to interpret and decide their own regulations, rules, and disputes. *Bunting v. Board of Canvassers & Registration*, 90 R.I. 63, 66, 153 A.2d 560, 562 (1959); Comment, *Judicial Intervention in Political Party Disputes: The Political Thicket Reconsidered*, 22 U.C.L.A. L.Rev. 622, 636 (1975). *See also Como v. Sprague*, 46 R.I. 235, 126 A. 378 (1924).

"Only where the challenged action of a political party infringes on a specific constitutional or statutory right, usually the right to vote or hold public office, will the courts intervene. *Smith v. Allwright*, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987 (1944); *DeCesare v. Board of Elections*, 104 R.I. 136, 242 A.2d 421 (1968); *Bunting v. Board of Canvassers & Registration*, 90 R.I. 63, 153 A.2d 560 [1959]; *Republican Town Committee v. Knowles*, 60 R.I. 339, 198 A. 780 (1938); *Como v. Sprague*, 46 R.I. 235, 126 A. 378 [1924]; *Carney v. Pilch*, 30 Conn.Supp. 34, 296 A.2d 687 (1972). Accordingly, in determining whether a particular dispute is a nonjusticiable political matter, the focus has been on whether the dispute is an 'integral part of the electoral process' or merely involves the internal affairs of the political party. *Gallant v. LaFrance*, 101 R.I. 299, 305–06,

---

1. From our review of the record it appears that judgment did not enter. Absent a final judgment we would normally consider this appeal to be premature. However, because it appears that this deficiency was a matter of clerical oversight, and in the interest of judicial efficiency, we shall proceed to decide the appeal at this time and remand the case to the Superior Court for entry of judgment *nunc pro tunc*.

222 A.2d 567, 570 (1966); *Storer v. Brown,* 415 U.S. 724, 735, 94 S.Ct. 1274, 1281, 39 L.Ed.2d 714, 726 (1974); *O'Brien v. Brown,* 409 U.S. at 4, 92 S.Ct. at 2720, 34 L.Ed.2d at 6 * * *." *Lee,* 120 R.I. at 582–84, 388 A.2d at 1179.

This Court went on to hold that plaintiffs had not specified a single statutory or constitutional right that had been implicated. Furthermore, we noted that under G.L.1956 § 17–12–10 of the Rhode Island General Laws, the " 'management of the affairs' of the local political parties is vested in the town committees, subject to all state committee rules." *Lee,* 120 R.I. at 584, 388 A.2d at 1179. The Court ultimately held that because plaintiffs' complaint did not involve an "integral part of the electoral process," such as the right to vote or to hold public office, the trial justice "impermissibly interfered with the internal affairs of the Committee * * * when he took upon himself to resolve potential parliamentary and procedural disputes." *Id.* at 585, 388 A.2d at 1180.

■ Similarly, in this case plaintiffs' complaint raises only parliamentary and procedural disputes and does not involve an integral part of the electoral process. The plaintiffs' primary contention is that the organizational meeting and election of committee officers was void because of a defective notice. The town committee chairman ruled that the notice had been valid. This determination was affirmed by the state committee chairman, after consultation with the state committee parliamentarian and members of the state executive committee. We discern no need or basis to interfere in these internal, procedural decisions of a political party.

For the foregoing reasons the plaintiffs' appeal is denied and dismissed. The papers of this case are remanded to the Superior Court for entry of judgment for the defendants *nunc pro tunc.*