## Russell v. Rhea, Chairman of Democratic Committee, et al.

(Decided June 4, 1937.)

W. O. BILYEU and ALLEN PREWITT for appellant.

S. H. BROWN and CLIFFORD E. SMITH for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

George C. Russell prosecutes this appeal from a judgment, the pertinent part of which is:

"It is now ordered and adjudged by the Court that the action of the State Board of Election Commissioners and of the members of said Commission at its meeting of August 27, 1936, in undertaking to appoint George C. Russell as the Democratic member of the County Board of Election Commissioners of Logan County was and is void.

"It is further considered and adjudged by the Court that at said time and on said date it was the duty of said State Board of Election Commissioners and each and every member of said Board to have selected and appointed as the Democratic member of the Logan County Board of Election Commissioners from the list of names which was properly submitted to said State Board of Election Commissioners by the Logan County Democratic Executive Committee and a majority of the members of said Committee; namely, B. A. Evans, Emerson Beauchamp, Eugene Flowers, J. H. Edwards, A. G. Rhea.

"It is further ordered and adjudged by the Court that it is the duty of said State Board of Election Commissioners and the members of said Board to reassemble and rescind their action attempted to be taken at the meeting of August 27, 1936, appointing or attempting to appoint the defendant, George C. Russell, as the Democratic member of the Logan County Board of Election Commissioners, and to appoint as such member of said Board one of the five persons above named on the list of five submitted to said Board of Election Commissioners by the Logan County Democratic Executive Committee.

"It is now ordered by the Court that the defendants, Marion C. Howard, J. Matt Chilton and Charles O'Connell, members of and constituting the State Board of Election Commissioners, and

said State Board of Election Commissioners forthwith reassemble and enter an order rescinding its action of August 27, 1936, appointing or attempting to appoint George C. Russell as the Democratic member of the Logan County Board -of Election Commissioners, and the said Board and the said members thereof forthwith appoint as the Democratic member of the Board of· Election Commissioners of Logan County one of the following five named persons, to-wit: B. A. Evans, Emerson Beauchamp, Eugene Flowers, J. H. Edwards, A. G. Rhea, for the present term of office prescribed by statute.''

### The Claim of Evans et al.

On Saturday, December 3, 1932, pursuant to rule 20 adopted by the Democratic State Convention of April 12, 1932, there was elected by local mass conventions one precinct committeeman or committeewoman in each of the twenty-seven election precincts of Logan county.

Pursuant to rule 21, and on Saturday, December 10, 1932, the precinct committeemen and the one committeewoman so elected met in Russellville, Ky., and organized as the Democratic Executive Committee for Logan County by electing A. G. Rhea as chairman and Jos. H. Edwards as secretary.

This county executive committee thus organized was duly recognized by the Democratic State Central Executive Committee, as the proper committee of Logan county, and correspondence was directed to and had with it, and its chairman, A. G. Rhea, by the State Central Executive Committee as late as August 6, 1936.

Section 1596a-1 of the Kentucky Statutes provides for a state election commission, and section 1596a-2 provides for a county election commission to consist of two commissioners with the sheriff ex officio as chairman, and further provides:

"If there be two or more contending executive committees of the same party in the county, then that county executive committee which is recognized by the state central committee, by written certificate of the chairman thereof, shall be recognized by the state commission in making their appointments.''

Mr. Rhea on Monday, July 6, 1936, sent to the various members of the Logan County Executive Committee notices of which we copy one, which will serve as a copy of the others since they were like it except as to the names and addresses.

"July 6, 1936

"Mr. V. H. Stewart,
  "Lewisburg, Ky.
"Dear Mr. Stewart:

"The Logan County Democratic Committee is hereby called to meet next Saturday afternoon at 1:30 o'clock, at the Court House in Russellville, Kentucky.

"You are especially requested and urged to be present in person at the meeting, as business of importance to the party is to be considered. Don't fail to come.

"[Signed] A. G. Rhea, Chairman
          "Democratic Committee,
          "Logan County, Ky.
"ATTEST: J. H. Edwards, Secretary."

That meeting was held on July 11, 1936, the trial court found eighteen members were present in person, three were present by proxies, and six were absent. That meeting selected the five men named in the court's judgment and sent them to the defendant Charles K. O'Connell, the chairman of the State Board of Election Commissioners, and he acknowledged receipt of the list.

The evidence shows that this list was turned over to Mr. Robert Humphreys, Chairman of the Democratic State-Central Executive Committee. It was not returned, and efforts during the trial to get hold of it were fruitless.

The State Election Commission, Mr. Charles K. O'Connell, Marion C. Howard, and J. Matt. Chilton, met on August 27, 1936, without having the list of B. A. Evans or any other list from Logan county then physically before them and named the appellant George C. Russell as the Democratic election commissioner for Logan county, though they knew of this list and it was constructively there before them, as it had been filed with them.

On the next day, August 28, 1936, A. G. Rhea

called another meeting of the Logan County Democratic Executive Committee to meet at the courthouse in Russellville, Ky., at 10 a. m., August 31, 1936.

At the appointed time and place the committee met, and this resolution was proposed:

"Whereas, the Democratic Executive Committee of Logan County met on the 11th day of July, 1936, pursuant to a call of the Chairman duly and regularly made and pursuant to notice duly and regularly given to each member of the committee by the Chairman a reasonable time in advance of said meeting; and

"Whereas, at said meeting said committee selected and designated and caused to be filed with the State Board of Election Commissioners in the city of Frankfort a written list of five names, namely: B. A. Evans, Emerson Beauchamp, Eugene Flowers, J. H. Edwards, and A. G. Rhea, from which said State Board of Election Commissioners are required by section 1596a-2, Kentucky Statutes, Carroll's 1930 Edition, to select and appoint a Democratic member of the Logan County Election Commission for the ensuing term; and

"Whereas, the State Board of Election Commissioners wrongfully and in violation of law failed and refused to appoint at this meeting on August 27, 1936, a Democratic Election Commissioner of Logan county from said list of names; but on the contrary made an unauthorized and illegal appointment; and

"Whereas, each of the persons named on the aforesaid list is a member of and affiliated with the Democratic Party, is a citizen and resident of Logan County and a legal voter, above the age of 25 years and otherwise fully qualified for appointment and to serve as the Democratic member of said County Board of Election Commissioners;

"Now, therefore, it is ordered by the committee that S. H. Brown, attorney of Frankfort, Kentucky, be and he hereby authorized and requested to institute and prosecute such suit and other proceedings as may be necessary to require said State Board of Election Commissioners to re-assemble and appoint a Democratic member of the Logan

County Board of Election Commissioners for the ensuing term from the aforesaid list; and, the said S. H. Brown is authorized to institute said suit in the name of the Democratic Executive Committee of Logan county upon the name of each and every member of said Committee and to join as plaintiffs and as said S. H. Brown may consider necessary or proper parties of said suit. The said S. H. Brown is further authorized to associate with him in such suit any other attorney or attorneys that he may desire to have assist him.''

Upon the vote being taken, twenty-one members present in person voted for it, one vote was cast for it by a member who was present by proxy, and five members did not vote.

### Suit Filed.

Thereupon this suit was begun September 9, 1936, by A. G. Rhea as chairman and for and on behalf of the Democratic Executive Committee of Logan County, and by the members of the committee, and by B. A. Evans et al., their nominees, against the members of the State Board of Election Commissioners, and George C. Russell, seeking to have Mr. Russell's appointment declared void and that the State Board of Election Commissioners be required to reassemble, to name B. A. Evans or one of the four other nominees as Democratic Election Commissioner of Logan County, etc.

### Claims of Defendants.

Defendant Russell filed an answer which was thrice amended and which totals 34 pages and the defendant board filed an answer of 19 pages. To save time we shall state their questions as we reach them and dispose of them.

### Attack on the Rhea Committee.

The defendants claimed the committee headed by A. G. Rhea was not on July 11, 1936, the Democratic Executive Committee of Logan County. We have already set out their election as such in December, 1932.

The rules governing the Democratic Party as adopted April 12, 1932, and the rules adopted June 9, 1936, are parts of this record. In rule 23 there is set out the procedure to be adopted to remove a committeeman or committeewoman, and in all this great record

in which there is the testimony of 30 witnesses, there is not even a suggestion any such procedure was ever had. So we must hold the committee of which Mr. Rhea was chairman was the valid one on July 11, 1936.

## Was There a Contending List?

It is provided by section 1596a-2 that the two members of said county board of commissioners shall be appointed one each from five names designated in writing, if any are so designated, by each of the county executive committees of the two political parties that polled the largest number of votes in the state at the last preceding election for state officers or presidential electors, one of said two commissioners to be appointed from each of the two said parties.

Mr. Guthrie Coke testified he called and presided over a meeting which designated Guthrie Coke, Sam W. Linebaugh, W. J. Waldrip, George C. Russell, and Dr. W. A. Duncan, and that he gave this list on August 10, 1936, to Mr. Robert Humphreys, the chairman of the State Central Executive Committee. What became of that list we do not know. The evidence shows it was not before the board. The meaning of the provision in section 1596a-2, that the state board shall make the appointment from a list of five names designated in writing, means designated to the board. It is the board to whom this list of names must be designated and with whom it must be filed. It is true the above-quoted provision gives to the State Board the right of choice, if a rival list is designated to it, and tells the board how it shall determine such a controversy, but there was no such controversy in this case.

If there had been two lists here, that would have been applicable, but there were no two lists before the board. The only member of the defendant board who testified is Charles K. O'Connell, and he testified that there is on his record a notation: "No legal Democratic list was filed." He also testifies this list of B. A. Evans et al. had previously been filed with him as chairman of the board, so what was done was not to decide between two rival lists a matter the State Board had the power to do as we cited supra, but to ignore a list that was before the board and without a rival. We are unable to find any grant of such power to the board in the statute and we have been cited to none in the

briefs. The list filed on behalf of B. A. Evans et al. appears to be regular, there is no rival list shown to have been before the board, the record shows there was none, and certainly there was nothing before the board to justify it in ignoring this list and disregarding it. The board has only those powers given it by the statute. They should not have allowed this list to get out of their possession and should have made their appointment from it.

## Was a Legal List Filed?

Mr. Russell attempted to show this list, B. A. Evans et al., was not a legal list, by trying to show these proxies did not show how they were to be voted and were not given to members of the committee; by trying to show certain members attempting to act in that meeting were not members; by trying to show the notices of the meeting of July 11th was not sufficient; by trying to show the notices of this meeting were insufficient because they did not state the purpose of the meeting (rule 15 of the Democratic Party provides for calling meetings and does not require that to be done); by trying to show the notices were not sent to all the committeemen; and by trying to show there was not a quorum present at the meeting of July 11, 1936, when this list was designated. But the trial court found it was a legal list, the evidence has been carefully considered by this court, item by item, and we find the trial court's finding was correct.

## The Plea to the Jurisdiction.

Mr. Russell's chief contention is that this is a purely party question to be determined by the governing authorities of the Democratic Party and one in which the courts have neither jurisdiction nor concern. Formerly we heard a great deal about party questions, and the party authorities settled within the party and by party tribunals many questions now settled in the courts.

Governor Goebel was assassinated on January 30, 1900, and out of the horror and turmoil that resulted there came a universal demand that our election laws be made as perfect as human laws can be made, and the best thought in both the leading political parties was directed to the formulation of such a measure, and a plan known as the "Model Election Law" was pre-

pared. Governor Beckham called an extra session of the General Assembly and urged its adoption, and as a result section 1596a-1 to section 1596a-16, Ky. Stats., were adopted by the General Assembly and approved by the Governor on October 24, 1900. By it the two leading parties were invited to designate lists from which the Governor appointed a State Election Commission, one from each party, and these two with the clerk of the Court of Appeals as ex officio chairman constituted the State Board, and from lists similarly designated the State Board appointed in each county a commissioner from each of the two leading parties who with the sheriff as ex officio chairman constituted the county board, and it in turn from similarly designated lists appointed the precinct officers. Soon thereafter the primary elections were brought under this statute (see chapter 7, p. 47, Acts 1912), and since then our elections have been held by public officers with appeals to the courts by parties aggrieved, and since the case of Denny v. Bosworth, 113 Ky. 785, 68 S. W. 1078, 1079, 24 Ky. Law Rep. 554, we have almost ceased to hear of so-called party questions. This case just cited and the things said in it are of controlling applicability in this one now before us.

In Meagher v. Howell, 171 Ky. 238, 188 S. W. 373, 374, we said:

"It is well settled in this state that a court of equity has jurisdiction, not only to preserve the rights which an officer has in his office, but also that it will protect the rights which a candidate has in his nomination for an office."

It is true neither B. A. Evans nor any of the other four of the nominees designated can say he must be selected, but these five nominees are entitled to have their nomination observed and the appointment made from this class of nominees.

Russell pleaded and has proven that on September 16, 1936, he (Russell), Guthrie Coke, et al. prosecuted an appeal to the Democratic State Central Executive Committee, and petitioned it to adjudge the meeting of July 11, 1936, and all actions thereat invalid. This appeal to the Democratic State Central Executive Committee Russell pleaded and proved is still pending, undecided before that committee, and because thereof he

pleaded and now urges the Franklin circuit court had no jurisdiction of this matter.

To settle this contention we must have regard for the exact question that is before us, which is simply this: On August 27, 1936, when the list of five names (B. A. Evans et al.) was the only list before it designated by any one purporting to act on behalf of the Democratic Party, did the State Election Commissioners have the power to declare that list illegal, to ignore it, and to name as Democratic election commissioner of Logan county an undesignated outsider?

We have already indicated that the answer to that is: "No." The other question in this appeal is: Did the trial court err when it directed these election commissioners to do now what they should have done August 27, 1936? That answer is: "No."

With subsequent steps taken within the Democratic organization, with lists that may have been subsequently designated, with subsequent elections and subsequent motions by the defendant to substitute others as plaintiffs, we have no concern. These state election commissioners are officers of the state; as officials they are mere creatures of the state, subject to its laws; they have only those powers sections 1596a-1 and 1596a-2, Ky. Stats., give them; and the trial court had the jurisdiction and power to compel them as officials of the state to obey those laws. Its judgment is calculated to do that, and it is affirmed.

The whole court sitting, except Justice Clay, who was absent, and Justice Perry, who declined to sit.