## Howard et al. v. Stevenson et al.

(Decided June 25, 1937.)

ALLEN PREWITT, MARCUS REDWINE, HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellants.

CLIFFORD E. SMITH, S. H. BROWN and J. M. STEVENSON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This appeal is prosecuted from a judgment, the pertinent parts of which are:

"Plaintiffs' motion for a writ of mandamus hereby is sustained, and it is now ordered by the Court that the defendants, Marion C. Howard, J. Matt Chilton and Charles K. O'Connell, members of and constituting the State Board of Election Commissioners, and said State Board of Election Commissioners, forthwith reassemble and enter an order rescinding its action of August 27, 1936 appointing

or attempting to appoint Dr. John A. Snowden, Jr., as the Democratic Member of the Clark County Board of Election Commissioners, and that said Board and each of the members thereof, by proper order forthwith appoint as the Democratic Member of the Board of Election Commissioners of Clark County one of the following named persons, to-wit: Edd Fox, Ed Pruitt, A. Howard Hampton, W. F. Pursley, and W. H. (Dick) McCormick; for the present term of office prescribed by Statute."

This case is so similar to the case of Russell v. Rhea, 269 Ky. 138, 106 S. W. (2d) 148, decided June 4, 1937, that we shall refer the reader to that opinion and say but little in this one.

In this case Mr. J. M. Stevenson, who testifies he has been for 33 years chairman of the Democratic executive committee for Clark County, as such chairman, sent to Mr. Charles K. O'Connell, the clerk of the Court of Appeals and ex officio chairman of the State Election Commission, a certificate that at a meeting of the Democratic executive committee for Clark county held on July 20, 1936, and presided over by him, a majority of the committee being present, the five above named Democrats were selected and recommended by the committee as suitable parties from whom to appoint a Democratic election commissioner for Clark county, Ky.

No rival list was submitted, this list was ignored by the State Board of Election Commissioners at its meeting held on August 27, 1936, the records were marked "No legal list submitted," and Dr. John A. Snowden, Jr., an entire outsider, was elected. This was a direct violation of section 1596a-2, as we pointed out in Russell v. Rhea, supra.

When a political party entitled to designate a list of five names does so, that is the end of the matter, the appointment must be made from that list, unless there are other designations made by parties purporting to act for that same political party, in which event section 1596a-2 tells the State Election Commission how it shall proceed to determine which one of these lists it shall observe in making its appointment. It has no power to ignore a list, if one is filed, to declare it illegal, or to appoint some one who has not been designated as was done in this case.

The defendants sought to show that at the meeting

over which Mr. Stevenson presided there was not a quorum of duly elected committeemen or committee-women present, and that other irregularities occurred, which rendered the action of the meeting irregular and justified the State Board of Election Commissioners in declaring the list illegal, but the statute gives them no such power. The members of the State Board of Election Commissioners have no power except that found in the statute.

In their supplemental brief the appellants cite the opinion in Murray v. Gill, 269 Ky. 207, 106 S. W. (2d) 634, decided June 11, 1937, and say:

> "In this opinion the Court held in construing section 1596a-2 that the list submitting five names to the State Election Board must be signed by each member of the County Executive Committee submitting the list, and that a list signed by the Chairman alone was not sufficient and was not a proper list."

They have misconstrued that opinion, no such decision was made in that case, and there is nothing in that opinion that warrants such a construction. The committee must make the designation, and it is sufficient if its action is certified in writing by the chairman of the meeting at which the designation was made.

Judgment affirmed.