## Smith et al. v. Howard et al.

(Decided Oct. 28, 1938.)

166

R. W. KEENON, BEN L. KESSINGER, TOM MOONEY and AL-FRED NAFF for appellants.

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Section 21 of the Democratic party law adopted at the State Convention held on June 9, 1936, provides that:

"In counties containing more than one Legislative District the respective Chairmen of the Legislative Districts shall constitute a County Committee for said County, which Committee shall meet on December 14, 1936, and elect a Chairman and Secretary, who may or may not be a Chairman of the Legislative District in said County, provided that in the event of a tie of said votes, the then County Chairman shall cast the deciding vote, and said County Committee shall have the same general authority of all Committees pertaining to the nomination and election of Candidates for the entire County."

Section 1596a-2, Kentucky Statutes, provides that two members of the County Board of Election Commissioners shall be appointed, one for each party, from five names designated in writing by each of the county executive committees of the two parties and these appointments are, of course, made by the State Board of Election Commissioners.

Fayette County is a county containing two Legislative Districts, the 75th and 76th. In each of these Legislative Districts precinct committeemen were duly elected according to the party law and in the 75th Legislative District of that county, Joe Smith, one of the appellants, was elected chairman; in the 76th Legislative District, Charles Finnell was elected chairman.

Pursuant to the above provision of the party law,

these two chairmen constituted the county committee for said county and have the same general authority of all committees pertaining to the nomination and election of candidates for the entire county.

These two chairmen were unable to agree and failed to elect a chairman and secretary. With this condition existing, the retiring county chairman had the deciding vote, but this retiring chairman, who was William F. Klair, deceased, had theretofore resigned and there was no acting county chairman to break this tie; consequently, no proper certification of five names had been made to the State Election Commission for the purpose of having one of them designated as Democratic Election Commissioner for Fayette County.

Sometime prior to July, 1937, appellant Joe Smith, Chairman of the 75th Legislative District, called a meeting of the precinct committeemen of that district on July 2, 1938, for the purpose of certifying these names to the State Board of Election Commissioners. About the same time a majority of the precinct committeemen of the 76th Legislative District requested Charles Finnell, Chairman of that District, to call a meeting of the same committeemen of his district for the same purpose and on the same date, and Finnell having failed to issue the call, a majority of the committeemen of that district, pursuant to the party law, called such meeting.

At the meeting of the 75th Legislative District Committeemen, presided over by Smith, the names of appellants J. Porter Land, J. W. Rodes, Alberta Haley, Thomas S. Scott and Wilber Stone were certified.

At a meeting of the 76th Legislative District Committeemen, Tom Mooney was elected temporary chairman in the absence of the regular chairman, Finnell. Mooney is a committeeman in that district and an appellant here. At this meeting the same five names were certified to the State Board of Election Commissioners.

At these meetings a motion was adopted for a joint meeting of the precinct committeemen from both Legislative Districts and this meeting was held on the same day immediately after the adjournment of the separate district meetings, and Mooney was elected temporary chairman of this joint meeting of committeemen. At this joint meeting also the same five names were certified to the State Board of Election Commissioners for

the designation of a Democratic Election Commissioner in Fayette County.

The State Board of Election Commissioners met during the month of August and the Election Commissioners were designated for all counties in Kentucky, except Fayette, no action being taken as to that county.

On September 1, 1938, the appellant Joe Smith, suing as chairman and on behalf of the Democratic Executive Committee of the 75th Legislative District, and Tom Mooney, temporary chairman, suing on behalf of the Democratic Executive Committee, together with a majority of the precinct committeemen from both districts, filed this suit in the Franklin circuit court against the State Board of Election Commissioners, seeking to compel them to appoint a county election commissioner for Fayette County from the list of five names submitted.

Shortly after this suit was filed, the State Board of Election Commissioners met and appellee Dixie McKinley was named Democratic Election Commissioner for Fayette County. It does not appear in the record why McKinley was thus designated.

Thereafter, the appellants filed an amended petition, setting out these facts, in which they prayed that the appointment of Dixie McKinley be set aside and adjudged null and void. The case was set for hearing in the Franklin circuit court and on the calling of the case an intervening petition was tendered on behalf of the five persons whose names had been certified, as above set out, asking that they be made party plaintiffs to this action. The court refused to permit the filing of this amended petition, but it was made by order a part of the record.

The appellees filed special and general demurrers to the petition and to the petition as amended. The court sustained the demurrers and, the plaintiffs declining to plead further, their petitions were dismissed and they prosecute this appeal from the judgment dismissing the petition.

In counties containing one, or less than one, Legislative District, the precinct committeemen of the county, together with the duly elected chairman of the committee, constitute the county executive committee, pursuant to the Democratic party law.

However, by reason of Section 21 of the party law, above quoted, in counties containing more than one Legislative District, the precinct committeemen in each Legislative District elect a chairman and these two, or more, chairmen constitute the county committee of that county and are vested with the same general authority pertaining to the nomination and election of candidates for the entire county that is vested in the precinct committeemen, who constitute the committee in counties containing one Legislative District, or less than one.

Under the party law the chairmen of the Legislative Districts elect a chairman and secretary who may, or may not, be a chairman of a Legislative District in the county. This means that in Fayette County the two chairmen might well be the entire county committee, because the two could elect one of them as chairman of the committee and the other as secretary.

The appellants are contending that the joint and separate actions of the precinct committeemen of the two Legislative Districts in certifying the names to the State Board of Election Commissioners for the appointment of a county election commissioner should be recognized as a valid and binding act on the State Election Commission because the county committee failed to function by reason of a deadlock existing in the committee, and their contention contains elements of fairness which would appeal strongly to a court sitting as a court of equity in the settlement of ordinary affairs between man and man. This, however, is a political matter, which the courts are loathe to interfere with unless the intervention of the court is plainly justified, and as stated in the case of Davis v. Hambrick, 109 Ky. 276, 58 S. W. 779, 780, 22 Ky. Law Rep. 815, 51 L. R. A. 671:

"Political parties are voluntary associations for political purposes. They are governed by their own usages, and establish their own rules. Members of such parties may form them, reorganize them, and dissolve them at their will. The voters constituting such party are, indeed, the only body who can finally determine between contending factions or contending organizations. * * * It would be alike dangerous to the freedom and liberty of the voters, and to the dignity and respect which should be entertained for judicial tribunals, for the courts

to undertake in any case to investigate either the government, usages, rules or doctrines of a political party, or to determine between conflicting claimants' rights growing out of its government.''

It is true that in certain types of cases the court may interfere by injunction, even in political matters, to compel the performance of a ministerial act, such as was done in the case of Russell v. Rhea, Chairman, 269 Ky. 138, 106 S. W. (2d) 148, which appellants rely on as authority in this case.

In that case, which involved Logan County, containing only one Legislative District, the county committee, namely the precinct committeemen of the county, had duly certified to the State Election Commission the five names, but the election commission ignored this certification. The court simply held in that case that the committee had certified a legal list in compliance with the Democratic party law and the election commission was bound to recognize same and make the appointment accordingly. The court did not decide a party matter—party law had been complied with and the proper certification made to the commission upon whom then devolved a ministerial duty, the performance of which could be compelled by the court.

In Fayette County, having more than one Legislative District, the precinct committeemen of the separate Legislative Districts are not precinct committeemen of the county, and by virtue of Section 21 of the party law, are in no sense the executive committee for the county. The powers which they possess in counties containing one or less Legislative Districts are not given to them by the party law; but on the contrary, it has been specifically designated to others by this party law, namely, to the chairmen of the separate Legislative Districts who, and who alone, constitute the county committee in that county. The fallacy of appellants' contention lies in the fact that they assume that the precinct committeemen of the separate Legislative Districts are the county committee, when the party law definitely names the chairmen of these districts as the committee.

The mere fact that this committee does not function by reason of the existence of a deadlock does not justify the courts in attempting to pass or amend a party law. We feel that this is a matter purely and simply for par-

ty decision and that this situation must be remedied by party action.

We have in this case simply a situation where the county committee of a party, and it alone, is authorized to act, and where the committee has failed or refused, or for some reason or other cannot act, and we are unable to see how the courts can, when this stalemate exists, say that action may be taken in any other manner or by any other person. We feel that were we to uphold the proceeding adopted by appellants and say that this certification of names was valid we would be making party law and usurping the functions of those whose duty and privilege it is to enact party legislation.

For these reasons, it follows that the judgment of the lower court must be, and is, affirmed.