## Simpson et al. v. Hughes, Clerk of Court of Appeals, et al.

May 1, 1945

James M. Gilbert and Jesse K. Lewis for appellants.

Eldon S. Dummit, Attorney General, Harry H. Wilson and M. J. Sternberg, Assistant Attorneys General, and A. E. Funk for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER——Affirming.

The action was instituted by appellants against appellees, Hughes, Ford, and Wheeler, comprising the State Board of Election Commissioners; K. N. Harris, Chairman of the Bell County Democratic Executive Committee; and Alec Patterson, the Bell County Democratic Election Commissioner. Appellants sued "in behalf of themselves and all of the other members of the Democratic Executive Committee of Bell County," and "as citizens and acting for and in behalf of all the law abiding citizens of said County," and "in behalf of themselves, as constituting the five persons whose names were submitted to * * * the State Board of Election Commissioners, by the Democratic Executive Committee of Bell County within the time and manner provided by law (KRS 116.040)."

Appellants allege that they were duly nominated and certified to the State Board of Election Commissioners, for election to the office of Democratic Election Commissioner for Bell County; that the defendant Board wrongfully ignored their nominations; and wrongfully appointed appellee Patterson from a list submitted by appellee Harris, Chairman of the Bell County Democratic Executive Committee, without right or authority and with the "fraudulent and evil purpose of defeating

the expressed will of the (Bell County) Executive Committee." The petition further alleges that the government of Bell County "is largely under the domination and control of a slot machine syndicate and other corrupt interests financially interested in certain other commercialized criminal activities; that this control is made possible because of the ability of said criminal elements to corrupt elections and to thereby keep their hirelings in positions of authority to protect them in their illegal and commercialized criminal activities. They say that the County Board of Election Commissioners of said County has supervision over the appointment of election officers and the counting of ballots, and that the purpose of said defendant, K. N. Harris, in illegally securing the appointment of said defendant, Alec Patterson, to said Board, was to assist said commercialized interests to retain their strangle hold on the government of said County, and to prevent free and honest elections therein." In the reply, which we will treat as an amended petition, appellants allege that appellee Harris, as Chairman of the Democratic County Executive Committee, has entered into a conspiracy with Floyd Ball, the Chairman of the Republican County Committee:

"* * * to prevent the holding of free and honest elections in Bell County and to commit and have committed fraudulent and illegal acts to pervert elections, to defeat the will of the electorate of said county, all to the end that candidates for public office, favored and supported by said conspirators and pledged to protect said Ball and his associates in the conduct of their unlawful criminal activities, might be placed in control of the machinery of government of said county; that in furtherance of said unlawful conspiracy, said defendant, Harris, agreed to use the influence of his position as Chairman of the Democratic executive committee of Bell County to bring about the selection of his co-defendant, Alec Patterson, as Democratic Election Commissioner of said County, *who is pledged to and who will in furtherance of and as part of said conspiracy assist, aid, abet and use the powers of his office to bring about the perversions of elections for the fraudulent purposes alleged,* and plaintiffs say that the appointment of said Patterson was brought about through the machinations of said conspirators and for the purposes alleged.

"Plaintiffs say further that the method and manner in which said Ball and his associates have been able to

bring about the fraudulent perversions of elections and to thereby bring about the selection of public officers amenable to their will, is shown by the evidence adduced herein, and they say that defendant, *Patterson and the other two members of the Bell County Election Commission, both of whom are dominated and controlled by said Ball, will continue to name as election officers of said county, men who will intimidate voters at the polls, who will permit and encourage the casting of illegal votes in favor of candidates supported by the conspirators, Harris and Ball, who will prevent legal votes being cast for candidates not supported by said conspirators; and said Patterson will help bring about the appointment of tabulators and counters of ballots, who will falsely count ballots and help steal votes for candidates supported by said conspirators, and who will otherwise and in every manner known to them prevent free and honest elections, all for the purposes and to the ends hereinbefore enumerated.*

"Plaintiffs, as legal and qualified voters of Bell County, state that the unlawful naming of said Patterson as said election commissioner in continuance of said alleged conspiracy, *and that the continuance of said conspiracy,* and the continued holding of elections in Bell County in the unlawful and fraudulent manner alleged, *constitutes a denial to plaintiffs of their civil and political rights under Section 6 of the Kentucky Constitution; and that same also constitutes a denial to them * * * of the equal protection of the laws and therefore violative of the 14th Amendment to the Federal Constitution.*"

(We have emphasized the allegations of the pleadings as they may be considered to affect appellee Patterson, against whom the relief is sought).

Appellants prayed that the court adjudge the appointment of Patterson to be illegal and void; that a vacancy be declared to exist in the office of Democratic Election Commissioner of Bell County; that Patterson be perpetually enjoined from acting as the Democratic member of the Board, and from in any wise acting or performing under his void appointment; and that the State Board of Election Commissioners be ordered and required to reassemble at Frankfort, Kentucky, for the purpose of designating and appointing one of the "suing plaintiffs" to the office in question. Special and general

demurrers were filed to the petition. The former challenged the capacity of appellants to sue; the latter, of course, challenged the sufficiency of the averments of the petition.

In so far as appellants seek the removal of appellee Patterson from his office, and to have one of their number selected in his place and stead, the action is one to oust a usurper of a State or County office (it is unnecessary to determine which), and must be maintained by a person or persons entitled to the office, or the Attorney General if it is a State office, the Commonwealth Attorney if it is a County office. Since neither the Attorney General nor the Commonwealth Attorney is a party plaintiff, the right of appellants to institute the action for usurpation depends upon the verity of their claim that one of their number is entitled to be elected to the office by the Board.

KRS 116.040 provides for the selection of county boards of election commissioners, which boards shall consist of the sheriff of the county ex officio, and two commissioners representing each of the two political parties that polled the largest number of votes in the State at the last preceding election for State officers or Presidential electors. One of those was the Democratic party. In so far as pertinent to the question, that section provides: "If lists of five names are designated to the state board in writing by the county executive committees of the parties, the appointments shall be made from those lists."

It is conceded that the list submitted by Harris does not conform to this provision of the section, and appellees contend that the list submitted by appellants likewise does not conform to the provision; and, since neither list was validly presented to the State Board of Election Commissioners, the latter had the right to select any qualified Democratic voter in Bell County to fill the office.

It is unnecessary for us to determine the question of the right of the State Board to select a Commissioner of its own choosing in the absence of the presentation of a list of five names by the County Executive Committee, because, as hereinbefore recited, appellants' right to maintain the action for usurpation depends upon proof of the allegation that one of their number is entitled to the office. The manner in which lists of nomina-

tions for election commissioner shall be submitted is controlled by the rules adopted by the State Central Executive Committee of the dominant political parties of the State. Rule 16 of the Democratic party provides:

"Meetings of County and Legislative District Committees may be called by the Chairman thereof at any time, upon reasonable notice in writing to the members. * * *."

"If, upon request of a majority of the members of the committee, the Chairman fails or refuses to call a meeting of the committee as requested, a majority of the committee may call a meeting thereof, upon reasonable notice in writing to each member."

Rule 17 provides: "No business shall be transacted by any County or Legislative District Committee unless a majority of the members of said committee shall meet and be present in person. * * *."

It was shown by the evidence that the meeting nominating appellants for the office was not called by notice in writing to the members, nor was a majority of the Committee present in person at the meeting. That being true, the list submitted by the members of the Committee on that occasion was not prepared and selected (as alleged) in the "manner provided by law." That being true, appellants have not shown that either of them is entitled to be elected to the office in question; therefore, in so far as they assert their right of action upon the ground of usurpation, the Court properly dismissed the petition.

Assuming, without deciding, that the allegations contained in appellants' pleadings are sufficient to constitute a cause of action under Section 6 of the State Constitution and the Fourteenth Amendment to the Federal Constitution, the evidence fails to show that Mr. Patterson has entered into a conspiracy with anybody in respect to his official duties, or that he has ever engaged in any illegal act in respect to elections, or otherwise. The only direct testimony in respect to the character and reputation of Mr. Patterson was introduced by appellants themselves, through their witness, Arthur Rhorer, who testified that while he was in charge of the affairs of the Democratic party in Bell County, Mr. Patterson had never served as an election officer, nor had he contributed funds to election campaigns. He stated

that he understood, however, that for the last few years Mr. Patterson had served as an election officer in City Hall Precinct. When asked if there was anything else that he desired to say, he answered: "I would like to qualify my statement with reference to Alec Patterson. He is a good man and a good citizen but wholly inexperienced in dealing with political questions and has a great many close friends in the Republican organization. Whether they would influence him in anything wrong, I would not say."

It was shown that in the selection of election officers Mr. Patterson, to some extent, relied upon advice from his coappellee, Harris, and the Republican election commissioner; and it was shown that a few of the election officers agreed to by Mr. Patterson were not qualified to serve. However, it was not shown that Mr. Patterson knew of such disqualifications, or knowingly agreed to anyone whom he had reason to believe would participate in any fraudulent activities; nor was it shown that any appointee of Mr. Patterson had ever participated in perpetrating a fraud in an election. That being true, even if it should be considered the petition states a cause of action; the evidence fails to support the pleadings pertinent to the issue, and judgment properly was rendered for appellees.

There is an additional reason for denying the relief appellants seek in this action. The great and irreparable injury appellants contend will result if an injunction is not granted is that they, as citizens and voters of Bell County, will be deprived of their right to a free and equal election under Section 6 of the State Constitution, and will be denied the equal protection of the laws guaranteed by the Fourteenth Amendment to the Federal Constitution. Appellants' right to injunctive relief would, in any event, depend upon a showing that they have no adequate remedy at law. Denial of the right to free and equal elections and the equal protection of the laws is predicated upon the allegation that Patterson's appointment was made in defiance of the will of the majority of the members of the Executive Committee of Bell County. Rule 16 of the Democratic party, quoted above, provides the manner in which a majority of the Committee, irrespective of the attitude of the Chairman, may express its will, and proceed to require the State Election Commission to select a County Election Com-

missioner as contemplated by KRS 116.040. The evidence shows that a majority of the members of the Committee have not requested the Chairman to call a meeting of the Committee for the purpose of selecting and submitting to the State Election Commission a list of nominees, in compliance with Rule 16. It is apparent that, by failing to follow this procedure, appellants have not exhausted their remedy at law, for which reason alone injunctive relief should be denied.

The judgment dismissing the petition is affirmed.