## Routh et al. v. Hughes et al.

Nov. 2, 1945.

738

S. H. Brown and R. L. Maddox for appellants.

M. J. Sternberg, Assistant Attorney General, A. E. Funk, Chat. Chancellor, and Sarah Layman for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellants, original petitioners below, were Routh, a member and chairman of the Bell County Democratic Executive Committee, and five persons certified by the chairman of the Committee as being qualified for the office of County Election Commissioner. Appellees are the members of the State Election Commission, Gaines Williamson and fifty or more named persons who joined Williamson in his intervening petition. The original petition alleged that at a called meeting of the County Committee, held on July 28, 1945, a majority of its members selected a list of five qualified persons (appellants) and on August 6, 1945, certified the list to the State Board. That it thereupon became the duty of the State Board to appoint from the list, but that the Board failed and refused, and though the Board had twice met in the meantime it still refused to make a selection. They set up all prerequisite Code requirements for, and sought mandatory order directing the State Board to appoint from the list.

The Board denied all allegations of the petition, except that portion alleging qualification of defendants (Board members) as such. They alleged that they met in regular session on August 18 for the purpose of appointing County Commissioners, and had before it the submitted Bell County list. At the same time the Board had affidavits of 57 members of the County Committee to the effect that the list of names filed was not a legal list from the duly constituted County Committee, and protesting appointment from the submitted list.

In order to ascertain whether the list had been legally certified the Board adjourned until September 5, notifying Routh and Williamson (intervenor) of the proposed meeting. Pursuant thereto the propounders of the list and those opposing appointment with counsel, appeared and presented statements and arguments. It was plead that it was conceded at this meeting by the advocates of the list, that it was not prepared at a meeting conforming to the rules and regulations of the Democratic Party, but adopted at a caucus held by the plaintiffs for the purpose of selecting the five names to be submitted. Following this meeting and arguments by counsel, touching legal phases, the Board concluded that the list had not been formulated according to the law and that under the circumstances it had the right to disregard the list and make a selection otherwise.

All affirmative matter in answer was controverted of record, and the cause was submitted on demurrers to the answer, and the court overruled. At the same time the court permitted the filing of an intervening petition of Williamson and 58 others, members of the County Committee, alleging that they were members of the County Committee; that prior to the meeting of the State Board there were in its hands the 57 affidavits above mentioned. It alleged that the submitted list was not passed upon by the County Committee, and the protest against appointment from the list. It then alleges the adjournment of the State Board meeting, the adjourned meeting of September 5, and the presence of propounders, protestants and respective counsel; that at this hearing it was admitted by petitioners, or some of them, that the names were not legally selected according to statutes and Democratic Party law.

It was said in pleading that on July 28, a committee meeting was attempted to be held; at this meeting the chairman was asked whether or not at this time a list would be approved for submission to the State Board, and it advised that no list would be selected; that shortly thereafter petitioner (Williamson) learned that a few members of the Committee had met in a small room and selected the names presented to the Board; that at no time was the proposed list submitted to the Committee for consideration, and none of the members, excepting a few, knew that the names had been selected, on this or any other date, hence it had no approval by

the Committee. The prayer was that the intervening petition be treated as answer to the original petition; that if the court should hold the list to be invalid, it should direct the State Board to select as County Commissioner some qualified member of the Democratic Party, other than anyone whose name appeared on the list. This pleading was met with special and general demurrer, the court not ruling.

Proof was taken on the question of the regularity of the alleged meeting, and the chancellor held that no legally selected list had been furnished the State Board, and plaintiffs were not entitled to the relief sought; that the Board was justified in disregarding the submitted list. He further held that the Board was authorized under the law to appoint as County Commissioner a Democrat who met the statutory qualifications. The injunction was denied; the petition dismissed and this appeal followed.

Proponents of the list introduced the Chairman of the State Board, and he testified that the list came to his office with approval of the Chairman of the State Committee, as appears from the copy filed, only to the extent that Routh was the Chairman of the County Committee. He testified to the protest and the 57 affidavits in his hands at the time of the meeting of August 18th. That a doubt having been raised, the Board directed and held the meeting of September 5, at which the question of regularity of the county meeting was threshed out, and according to the proof, irregularity was admitted. The Board on this hearing concluded that it should not respect the list.

Intervenors introduced several witnesses, members of the Committee, who testified that they, or some of them, had been informed that no list would be selected at the time; that after the meeting broke up in more or less of a row, some members, with the chairman, met in a small room and selected the list, a matter which came to their attention later, and in time to protest. Some had no notice of the meeting, and all state that no list was submitted to them, or to a meeting of the Committee held for the purpose. Proponents of the list introduced no proof in denial, or at all, apparently standing on the ground that the Board was and is required to appoint from the list presented by the chairman of the

County Committee, which, as we observe, did not undertake to say that the list had been approved at a meeting when a majority of the Committee was present.

Appellants contend that it was the duty of the Board to appoint from the list filed with it, and that it had no right to question the list. Further, that since 75 members of the Committee had in writing requested the Board to appoint from the list, it was their duty to do so, though in no one of the several written requests was there an intimation that the list was regular in any respect.

Appellant relies on the opinion in Howard v. Stevenson, 269 Ky. 491, 107 S. W. 2d 304, which in turn followed Russell v. Rhea, 269 Ky. 138, 106 S. W. 2d 148, chiefly upon some language used in the Howard case: "When a political party entitled to designate a list of five names does so, that is the end of the matter, the appointment must be made from that list, unless there are other designations made by parties purporting to act for that same political party, in which event section 1596a-2 [KS] (KRS sec. 116.040) tells the State Election Commission how it shall proceed to determine which one of these lists it shall observe in making its appointment. It has no power to ignore a list, if one is filed, to declare it illegal, or to appoint someone who has not been designated as was done in this case."

As will be observed from other opinions the court has held that the list proposed may be questioned, and if proof justifies it, totally disregarded. From observation of these it may be said that the true meaning of the language quoted from the Howard case undoubtedly means that when a party Committee entitled to designate a list follows the statute, and no question is raised in protest, the Board has no choice. A reading of both the Russell and Howard cases will show that the Board acted arbitrarily; without reason or showing which would have justified its action; disregarded the tendered list, which we found to have been submitted according to statute, and made appointments of its own choosing.

Here a protest was filed, and the undenied proof showed the irregularity of the list beyond doubt. The proof substantiated the grounds of the protest, and the Board held a meeting at which the protesting grounds were substantiated. We think the proper interpreta-

tion and application of the statute is laid down in Murray v. Gill, 269 Ky. 207, 106 S. W. 2d 634, 637, where it appeared selections were made solely by the chairman of the Committee, and his selection was disregarded, and another appointed. While this case went out on a point of pleading, we said in the course of the opinion that 'the statute provided in unambiguous terms that the Board was empowered to select from a list of five names designated in writing ''by each of the county executive committees of the two political parties.'' We said that this statute meant just what it said, and should not be construed to mean that the chairman could make up and submit the list. In the recent case of Simpson v. Hughes, 299 Ky. 758, 187 S. W. 2d 440, where it was shown that a list was prepared at a meeting held without notice (according to party law) and when a majority of the Committee was not present, we said the list was not prepared or selected in the manner provided by law, and that appellants (listed names) had not shown themselves entitled to selection.

In the recent case of Smith v. Howard, 275 Ky. 165, 120 S. W. 2d 1040, we expressed the opinion that a list furnished by any other than the properly constituted county executive committee was not valid. Considering the record before us it is our conclusion that the undenied proof clearly shows that there was no list furnished the Board in accordance with the intendment and meaning of the statute, and appellant should not be heard to say that because there was a list filed, the Board had to accept the list, in the face of protest, and proof that it was not made up and approved by the county executive committee in accordance with the plain and salutary provision of law. We think the court was correct in denying relief to appellants and in dismissing petition.

Judgment affirmed.