## Williamson et al. v. Hughes, Clerk, et al.

January 17, 1947.

Funk, Chancellor & Darnell for appellants.

Eldon S. Dummit, Attorney General, Emmet V. Mittlebeeler, Assistant Attorney General, and Lewis & Asher for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The parties will be referred to as they appeared in the trial court. The chancellor sustained a special demurrer to the petition of plaintiff, Gaines Williamson, and to the intervening petition of Alex Patterson. Upon their refusal to plead further their petitions were dismissed and plaintiffs appeal.

Alleging that he is a member of the Bell County Democratic Executive Committee and that he is suing for himself and all others similarly situated, Williamson filed his petition against the State Board of Election Commissioners (hereinafter referred to as the Board) and J. C. Chambers wherein he challenged the eligibility of Chambers, who was appointed by the Board as the Democratic Election Commissioner of Bell County, on the ground that he is not a member of the Democratic Party, and he asked that the Board be required to reassemble and appoint a qualified Democrat to the office. The petition further averred that W. A. Routh, as Chairman of the Democratic Executive Committee of Bell County, undertook to hold a meeting of that committee on July 27, 1946, and submitted to the Board a list containing the names of five Democratic voters of Bell County from which the Board would select an Election Commissioner for the County; that there was no quorum at this committee meeting and under rule 17 appearing on page 17 of the Democratic Party Law Pamphlet no business could be transacted at the meeting; that four of the five persons appearing on the list submitted by the Board were not Democrats, and that the Board, when its attention was directed to that fact by the plaintiff, did not select a name from the list but appointed Chambers, who is not a Democrat but is a member of the Law and Order Party, as is shown by exhibits attached to the petition.

Patterson filed his intervening petition in which he adopted all the averments of the original petition and in addition alleged that in August 1944 he was duly appointed and qualified as Democratic Election Commissioner of Bell County for a term of one year and until his successor is appointed and qualified (KRS 116.040); that Chambers' appointment is void and the petitioner is entitled to hold the office under the statute until a duly qualified successor is appointed and administered the oath of office; that Chambers is attempting to usurp the office and the court is asked to declare the rights of the parties.

Plaintiffs admit in their brief that as there was no quorum of the County Executive Committee when it submitted the list of five names to the Board, the latter was

at liberty to disregard the list and select any Democrat in Bell County; but they insist that Chambers is not a Democrat, therefore, under KRS 116.040 he is not eligible to be appointed to this office. We do not reach the question of whether or not the Board has the right to select a Commissioner of its own choice in the absence of a duly presented list of five names, nor do we reach the merits of the case, as we are of the opinion that neither Williamson nor Patterson has authority to maintain this action and the chancellor correctly sustained a special demurrer to their petition and intervening petition on this ground.

This is an ouster proceeding against an alleged usurper of an office and under secs. 484 and 485 of the Civil Code of Practice it must be brought by one who is entitled to the office, or else by the Commonwealth Attorney if a county office is at stake, or by the Attorney General if a state office is at stake. Simpson v. Hughes, 299 Ky. 758, 187 S. W. 2d 440. As Williamson in his petition asserts no title to the office, he is without power to maintain this action under the authorities just cited.

Patterson's position is no stronger than that of Williamson. His only claim to the office is that under KRS 116.040 he was appointed in August 1944 ''for a term of one year and until his successor is qualified,'' and although Chambers has been duly appointed by the Board and has taken office he does not possess the statutory qualifications in that he is not a member of the Democratic Party, therefore he (Patterson) has title to the office and may hold it until a qualified person is appointed. It will be noted that Patterson's petition does not allege that the Board had not appointed Chambers or that it was without authority to appoint him, but it merely alleges Chambers does not possess the qualifications to fill the office. Patterson's term expired when Chambers was appointed and took the oath and assumed office. It cannot be said with reason that Patterson is a holdover with sufficient title to the office to permit him to question the qualifications of his successor. If such were the law, every defeated candidate and every official whose term of office had expired could maintain a suit to question the qualifications of his successor. Such procedure would lead to interminable confusion. The General Assembly

wisely enacted secs. 484 and 485 of the Civil Code of Practice limiting the right to bring a suit against a usurper to one entitled to the office, or upon his failure the right is in the Commonwealth Attorney or Attorney General depending upon whether a state or county office is involved.

A quite similar question to the one now before us was decided in Wilson v. Tye, 126 Ky. 34, 102 S. W. 856, 857, 31 Ky. Law Rep. 491. There, a defeated county superintendent contended he had sufficient title to the office to maintain an action against his successful opponent to question her qualifications after she had assumed office, his theory being that the statute which provided he should hold office until his successor is elected and qualified empowered him to maintain such a suit. It was written in the opinion that "upon being thus excluded from the office, he was excluded forever. He will not therefore be permitted to revive a right which had lapsed and ended, and as here attempted create a vacancy in the office which he cannot fill."

Plaintiffs lean heavily upon Meagher v. Howell, 171 Ky. 238, 188 S. W. 373. But there the special demurrer questioned the jurisdiction of the circuit court over the subject matter of the action and not the legal capacity of the plaintiff to maintain the action. Meagher was his party's nominee and had the legal capacity to sue in an attempt to protect his nomination, and this court held that the circuit court had jurisdiction not only to preserve the right an officer has in his office, but also to protect the right which a candidate has in his nomination for an office.

It is sufficient answer to plaintiffs' argument that Hoglan v. Carpenter, 67 Ky. 89, and Wilson v. Brown, 109 Ky. 229, 58 S. W. 595, support their position, to say that in each of these cases the plaintiffs appear to have had legal title to the offices and brought the actions to oust a holdover.

We agree with the chancellor that neither Williamson nor Patterson possessed legal capacity to maintain the action. Therefore, he correctly sustained special demurrers to the petition and intervening petition, and the judgment is affirmed.