**Harry BALL et al., Appellants,**

**v.**

**James S. HELTON et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 5, 1965.

Kelly Clore, Paris Swinford, Pineville, for appellants.

Logan E. Patterson, Pineville, for appellees.

DAVIS, Commissioner.

The question presented here is whether the Bell County board of election commissioners exceeded its authority in naming

precinct election officers in three precincts for the election to be held in Bell County on November 2, 1965. The applicable statute is KRS 116.070. The appellants are two of three members of the Bell County board of election commissioners who named the questioned precinct election officers. The dissenting member of the board of election commissioners, James S. Helton, is one of the appellees.

The Republican executive committee for Bell County met September 11, 1965 and selected the names of eight persons as possible precinct officers for each of the thirty-two precincts in the county. The names of these persons were delivered to appellee James S. Helton, the Republican member of the board of election commissioners, on or before September 15, 1965.

The executive committee adopted a resolution at the September 11th meeting requesting the election commissioners to select the first two persons named in each of the lists. Evidence reflects that it had been a long standing custom in the county for the election commissioners to select as precinct officers the first two persons named in the lists. When the election commissioners convened to select the precinct officers appellee Helton presented thirty-two lists of *two* persons per precinct. It appears that the two names so presented had been transcribed from the original lists of eight by appellee Helton and were the names of the first two persons on each list. However the names of eight persons per precinct were never presented to the full board of election commissioners.

In three of the precincts in Bell County the two appellant members of the board of election commissioners named precinct officers whose names had not been submitted on the "two-name" lists turned in by appellee Helton. In the other twenty-nine precincts the persons submitted by Helton were named as precinct officers. The trial court adjudged that the appellants, acting as a majority of the election commission, had acted illegally in refusing to name the persons from the list of *eight* persons in each of the three precincts.

■ It is clear from KRS 116.070 that the election commissioners must name the precinct officers from the nominees submitted by the governing authority of an authorized political party if the nominees are properly and timely submitted. The pivotal question here is whether the lists were properly and timely presented. It is our view that they were not, and that the trial court erred in requiring the board of election commissioners to reconvene to select precinct officers from the lists of eight persons in the three precincts.

The basis for our ruling is that the delivery of the lists of eight to appellee Helton, as an individual member of the board of election commissioners, was not a designation in writing to the board of election commissioners of the eight names as required by the statute. Although the lists of eight names were handed to appellee Helton, the other commissioners never did have access to these lists. Failure of the executive committee to follow through to make certain that the lists were actually designated in writing to the board of election commissioners was failure to comply with the statute. A list of two names left the commission no discretion, if it was bound to name the two persons on the list. Such a practice would frustrate the purpose of the law and make the board of election commissioners a mere rubber stamp.

■ We recognize that the result in this case may seem harsh and overly technical. It is our view, however, that to approve the procedure followed here would deprive the board of election commissioners of any opportunity to exercise its proper functions. By virtue of KRS 116.050 the sheriff is substantially the chairman of the board of election commissioners. Delivery of the written lists to the sheriff, in his official capacity as chairman of the board, should be the minimum requirement for substantial compliance with KRS 116.070. Cf. Russell

v. Rhea, 269 Ky. 138, 106 S.W.2d 148, in which delivery of a written list to the chairman of the state board of election commissioners was held sufficient.

The judgment is reversed with directions to enter an order denying the relief sought by the plaintiffs below.